**Juan Pablo CARRERA–RUIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73755.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Feb. 4, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Irma E. Gonzalez, United States District Judge for Southern California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jagdip Singh Sekhon, Immigration Law Clinic, Davis, CA, Scott Mossman, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., Shelley R. Goad, Esq., Jeffrey S. Bucholtz, Esq., Washington, DC, for Respondent.

Before: TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Juan Pablo Carrera–Ruiz, a native and citizen of Guatemala, petitions for review of the BIA's denial of his motion to reopen deportation proceedings premised on ineffective assistance of counsel. We have jurisdiction over the petition for review pursuant to former INA § 106(a), 8 U.S.C. § 1105a(a) (1996), as modified by the transitional rules of The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).[1] We review the BIA's denial of the motion to reopen for an abuse

of discretion and will reverse the denial of a motion to reopen only if it is "arbitrary, irrational or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), *cert. denied,* — U.S. —, 123 S.Ct. 2605, 156 L.Ed.2d 626 (2003). We deny the petition for review.

Petitioner argued in his motion to reopen that counsel was ineffective in two respects: first, in having failed to introduce a birth certificate that contained petitioner's father's name; and second, for creating an inconsistency in the record by drafting the asylum application to incorrectly state that petitioner identified his father's body in Guatemala. To prevail on a due process claim premised on ineffective assistance of counsel, petitioner must establish prejudice by showing that counsel's performance "was so inadequate that it may have affected the outcome of the proceedings." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999).

The alleged errors caused no harm. The IJ found petitioner credible, accepted his testimony that his father had died, and concluded that petitioner had adequately explained any inconsistency. Thus, the BIA did not abuse its discretion in denying his motion to reopen based on its conclusion that the outcome of the hearing was not affected by any errors of counsel.[2]

## PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997); *Arrozal v. INS*, 159 F.3d 429, 431–32 (9th Cir.1998).

2. The petitioner also argued before the BIA that counsel failed to advise him of the avail-

ability of relief under NACARA, but that claim was not presented in this petition for review.

