Ernest Njukeng CHINDIA, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–72933.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edwin K. Fogam, Silver Spring, MD, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Esq., Thomas H. Tousley, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Ernest Njukeng Chindia, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings to reconsider his application for suspension of deportation

---

*** This disposition is not appropriate for publication and may not be cited to or by the

and to permit him to reapply for asylum. We have jurisdiction under 8 U.S.C. § 1105a(a) and we apply the transitional rules. *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for abuse of discretion the BIA's denial of a motion to reopen. *INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We deny the petition for review.

■ Chindia moved the BIA to reopen to consider evidence that he had a well-founded fear that he would be persecuted if he returned to Cameroon, and argued that this satisfied the extreme hardship requirement for eligibility for suspension of deportation and demonstrated prima facie eligibility for asylum. The BIA did not abuse its discretion when it denied Chindia's motion because the evidence he offered was previously available, he did not offer a reasonable explanation for his failure to present it at his merits hearing, and he did not allege changed country conditions. *See INS v. Abudu,* 485 U.S. 94, 106–107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *see also Doherty,* 502 U.S. at 324, 112 S.Ct. 719.

■ Chindia also moved the BIA to reopen to consider evidence that his newly-born child would face extreme hardship if Chindia were to return to Cameroon and that he was therefore eligible for suspension. The BIA's decision to deny Chindia's motion was not arbitrary, irrational or contrary to law. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). Chindia has not claimed a denial of due process and it is clear from the record that the BIA considered the evidence and allegations concerning Chindia's youngest child. The BIA acted within its broad discretion when it concluded that the evidence was not enough to establish eligibility for suspension of removal. *See id.; cf. Ordonez v.*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*INS*, 345 F.3d 777, 785–87 (9th Cir.2003) (explaining that the court can review a discretionary determination to determine if there was a violation of due process).

PETITION FOR REVIEW DENIED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the