Cipriano **SALDIVAR–GUERRERO**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72192.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Alan R. Diamante, Los Angeles, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Susan K. Houser, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Wayne C. Raabe, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Cipriano Saldivar–Guerrero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), we dismiss in part and deny in part the petition for review.

In his motion to reopen, Saldivar–Guerrero sought to introduce new psychological evidence as to the hardship his son Bryan will suffer if Saldivar–Guerrero is removed to Mexico. The IJ did not abuse her discretion by denying the motion because Saldivar–Guerrero failed to establish that the evidence was previously unavailable or could not have been discovered and presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). Saldivar–Guerrero was on notice that he had the burden of showing the requisite hardship to his U.S. citizen children, and in fact did present hardship evidence at his hearing. *See INS v. Doherty*, 502 U.S. 314, 326–28, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (holding that Attorney General had broad discretion to determine that proffered evidence could have been foreseen and anticipated at time of hearing).

Saldivar–Guerrero's reliance on *Sida v. INS*, 665 F.2d 851 (9th Cir.1981) is misplaced. In *Sida*, the petitioner only discovered her child's illness when it was triggered by a trip to Thailand after she

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

had withdrawn her application for suspension of deportation. *Id.* at 853. Here, the potential consequences to Bryan if Saldivar–Guerrero takes him to Mexico could have been presented at the earlier hearing.

We lack jurisdiction to review Saldivar–Guerrero's contention that he did not receive a full and fair hearing because this is not a colorable due process claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

Saldivar–Guerrero's remaining contentions are without merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.