**Zandra Elizabeth DURAN, aka Rosa Gonzalez–Bobadilla, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73447.**

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Oct. 21, 2005.

Decided Dec. 9, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Rose Kasusky, Casa Cornelia Law Center, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Jennifer Keeney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

\* The Honorable Larry R. Hicks, United States District Judge for the District of Nevada, sitting by designation.

Before: PREGERSON and CLIFTON, Circuit Judges, and HICKS,\* District Judge.

## MEMORANDUM \*\*

Petitioner Zandra Elizabeth Duran ("Petitioner"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *see Bhasin v. Gonzales,* 423 F.3d 977, 983 (9th Cir.2005), and we grant the petition for review.

The BIA abused its discretion when it concluded that Petitioner did not demonstrate exceptional circumstances, pursuant to 8 U.S.C. § 1229a(b)(5)(C)(1) and (e)(1), to excuse her absence from her hearing before the Immigration Judge ("IJ"). On December 12, 2002, while Petitioner was in custody, she was served with a Notice to Appear charging her with removability. The notice did not indicate a time and place for the hearing. On January 2, 2003, Petitioner received a second notice stating that the hearing was scheduled for January 14, 2003. On January 14, 2003, Petitioner received a third notice, stating that the hearing had been moved to February 6, 2003. On January 21, 2003, after Petitioner had been bonded out of custody, the Immigration Court sent a fourth notice to the detention facility stating that the hearing had again been rescheduled for February 7, 2003. Petitioner then received a

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fifth notice—this time at her residence—informing her that the hearing had again been rescheduled. This last notice, sent on January 22, 2003, stated that the hearing would take place on March 11, 2003.

Because Petitioner has only a second grade education and was unable to read or write in English or Spanish, she asked a friend to translate the various notices. Petitioner's friend misread the final notice, transposed the day that the final notice was issued (January 22, 2003) with the month of the new hearing date (March 11, 2003), and told Petitioner that the hearing was scheduled for March 22, 2003. Petitioner was unaware of the error until she received an order of removal in the mail. The order notified Petitioner that the IJ had ordered her removed in absentia because she missed the March 11, 2003, hearing date. After receiving that order, Petitioner did not take any action to evade the authorities, but instead voluntarily returned to the bonding agency, the last office she dealt with regarding her removal proceedings, to explain the misunderstanding.

The BIA abused its discretion in concluding that Petitioner had not demonstrated the requisite exceptional circumstances to rescind the in absentia removal order. The Immigration Court changed the date of Petitioner's hearing three times,[1] Petitioner had sought to regularize her immigration status by filing an application for cancellation of removal, and, having already conceded removability, Petitioner had no motive to avoid or delay the hearing. *See Chete Juarez v. Ashcroft,* 376 F.3d 944, 949 (9th Cir.2004), *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). Further, she acted diligently to understand and comply with the Immigration Court's notices and orders. *See id.*

In its order, the BIA supported its conclusion that Petitioner had failed to demonstrate exceptional circumstances to excuse her failure to appear with a reference not to the circumstances, but rather to the quality of her proof. Specifically, the order noted that the record did not contain an affidavit from the individual who allegedly misread the date to her. But Petitioner prepared her motion to reopen while she was incarcerated and without assistance of counsel, so the failure to submit such an affidavit is hardly compelling. There was no evidence or reason to believe that her explanation was false.

Accordingly, we grant the petition for review and remand for consideration of Petitioner's application for cancellation of removal. We need not consider her other contentions.

This panel will retain jurisdiction over any future appeals.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

1. We find it noteworthy that the government's opposing brief contains numerous citations to incorrect hearing dates. For example, the government stated that the January 21, 2003, hearing notice set the hearing for February 6, 2003. In fact that notice set the hearing for February 7, 2003. The government's brief also inaccurately states that Petitioner was released from INS custody after the January 21, 2003, notice. The record shows that Petitioner was released on January 16, 2003, five days prior to this third notice of hearing. We are troubled by the fact that the government maintains that an illiterate woman should be removed from this country and separated from her children for confusing the date of her hearing when the government itself cannot keep straight the relevant dates.