**Felipe MADUENA–GARNICA, Jr., Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–71387, 04–74889.
Agency No. A92–237–670.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Barry J. Pettinato, Esq., Jamie M. Dowd, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Felipe Maduena–Garnica, Jr., a native and citizen of Mexico, petitions for review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") March 1, 2004 decision affirming an immigration judge's ("IJ") denial of cancellation of removal (No. 04–73187), and its August 27, 2004 order denying his motion to reopen (No. 04–74889). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004), and the denial of a motion to reopen, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We review de novo due process claims, *id.*, and we deny the petition for review.

The IJ did not abuse his discretion in denying Maduena–Garnica's request for a continuance, because the IJ properly considered the nature of the evidence to be presented, and determined that additional evidence of his mother's medical condition and testimony regarding diminished educational opportunities in Mexico would not have any bearing on Maduena–Garnica's hardship claim. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988); *see also Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) ("The decision whether to grant a continuance at a removal hearing is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse.") (internal quotation marks omitted). Because the IJ did not err in denying Petitioner's request for a continuance, Maduena–Garnica cannot show that his due process rights were violated. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding that an alien must show error and substantial prejudice in order to prevail on a due process claim).

The BIA did not abuse its discretion in denying Maduena–Garnica's motion to re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

open, because it considered the new evidence presented regarding his daughter's speech disability, and acted within its broad discretion in determining that it was not material because it did not indicate that her condition was severe or that she would be unable to obtain speech therapy in Mexico. *See* 8 C.F.R. § 1003.2(c)(1). Moreover, the BIA did not err in holding that the evidence presented in the motion to reopen regarding Maduena–Garnica's parents' medical care should have been previously available or was cumulative to the evidence presented at the time of Petitioner's merits hearing. *See id.; see also Malty v. Ashcroft,* 381 F.3d 942, 946 (9th Cir.2004). Accordingly, we are unable to conclude that the BIA's denial of Petitioner's motion to reopen was "arbitrary, irrational or contrary to law." *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002).

PETITION FOR REVIEW DENIED.