Ranjit SINGH, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

No. 01–71043.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2002.

Filed July 12, 2002.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for petitioner.

Barry J. Pettinato and Anthony C. Payne, Office of Immigration Litigation Civil Division, United States Department of Justice, Washington, DC, for respondent.

Before SCHROEDER, Chief Judge, D.W. NELSON and REINHARDT, Circuit Judges.

## OPINION

SCHROEDER, Chief Judge.

This is a highly unusual case. The appellant, Ranjit Singh, a native and citizen of India, unlawfully entered the United States in July 1990. He has diligently pursued his efforts to obtain lawful permanent residence status on the basis of his marriage. He appeared for five deportation hearings between October 1995 and October 1997, which were all continued. Several other hearings were continued upon his request until his wife could obtain citizenship. Finally, after his wife had become a naturalized United States citizen, and he became facially eligible for the status adjustment, he drove several hours with his wife and newborn baby to attend a

deportation hearing on January 21, 1998 at 1:00 p.m., only to discover that the hearing had been scheduled for 11:00 a.m. and that he had been ordered deported *in absentia*.

On the record before us, it appears Singh is eligible for adjustment of status as the spouse of a U.S. citizen and the beneficiary of an immediate relative immigrant petition approved by the INS. 8 U.S.C. § 1255(a) (2002). Indeed, the INS commendably conceded at oral argument that apart from a few formalities that needed to be carried out, if the hearing had been held, Singh would not have been ordered deported.

■ The IJ, however, denied Singh's motion to reopen and rescind the deportation order. The BIA denied his appeal with a conclusory statement that there were not exceptional circumstances as required by 8 U.S.C. § 1252b(c)(3)(A) (1994).[1] He appeals the BIA's decision claiming that his is the exceptional case, and we agree.

■ We review the BIA's decision for abuse of discretion. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996). We will reverse the BIA's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law." *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985). A petitioner is entitled to recission of a deportation order issued *in absentia* by filing a motion to reopen within 180 days of the date of the order of removal and by demonstrating that "exceptional circumstances" were the cause of the failure to appear. 8 U.S.C. § 1252b(c)(3)(A) (1994). "Exceptional circumstances" is defined by statute as "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including

less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2) (1994).

The INS contends that failing to attend a hearing on a claim of mistake is not an exceptional circumstance because it happens frequently. Both of the cases on which it relies, and where we held exceptional circumstances did not exist, were cases in which the petitioners were not, as Singh is, the beneficiary of an approved visa petition. Those petitioners were merely seeking to delay the inevitable. *See Singh–Bhathal v. INS*, 170 F.3d 943, 944 (9th Cir.1999); *Sharma*, 89 F.3d at 546.

In *Singh–Bhathal*, the petitioner was taken into INS custody after entering the United States illegally. 170 F.3d at 944. He was released on bail and was sent a notice that he was to appear at a deportation hearing. He did not appear and was ordered deported *in absentia*. *Id.* He then filed an application for asylum under an alias at an INS office in another city. *Id.* We affirmed the BIA's dismissal of his appeal because he had not filed a timely motion to reopen and because we found that he had made a voluntary choice not to appear. Singh Bhathal had every reason not to appear for his hearing, since he lacked a plausible claim to avoid deportation.

We affirmed the BIA's dismissal of the petitioners' appeal in *Sharma*, when the petitioners were 45 minutes to one hour late for their deportation hearing due to traffic congestion and parking difficulties, because we agreed that the petitioners had not established exceptional circumstances. 89 F.3d at 546. The petitioners' only possibility of relief from deportation in that

---

1. Section 1252b was deleted by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104 208, § 304(a), 110 Stat. 3009 (1996), and recodified in essentially the same form at 8 U.S.C. § 1229a(b)(5)(2002).

case was a discretionary grant of asylum. The IJ had previously warned the hearing would proceed *in absentia* if they did not appear, and this court stressed the importance of the government's interest "in preserving incentives to discourage delays in requests for relief." *Id.* at 547–48.

Cases from other circuits relied upon by the INS also involved petitioners who failed to appear for a hearing where they faced adverse actions. In *de Morales v. INS*, 116 F.3d 145 (5th Cir.1997), the petitioners had no asylum or other claims for relief pending when they failed to appear at their first deportation hearing. *Id.* at 146. In *Thomas v. INS*, 976 F.2d 786 (1st Cir.1992) (per curiam), the petitioner was subject to deportation based on conviction of a serious crime. *Id.* at 787.

■ This court must look to the "particularized facts pressented in each case" in determining whether the petitioner has established exceptional circumstances. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). This case is exceptional, because the petitioner had no possible reason to try to delay the hearing. Indeed, the hearing was the culmination of years of efforts to obtain lawful permanent residence status. Singh diligently appeared for all of his previous hearings and had even requested a change of venue when he believed he and his wife were to move to another state. The record reflects that Singh could have easily misunderstood the time of the January 21 hearing, since three of his previous hearings were scheduled for 1:00 p.m. Singh's appearance at his attorney's office at 12 p.m, a full hour before Singh believed he needed to appear at the courthouse, supports his assertion that he misunderstood the time of his hearing. The order of deportation issued *in absentia* in this case would result in either the break-up of a family or if the family were to remain intact, the ouster of

three American citizens-Singh's wife and two children.

■ We agree with the Seventh Circuit that the INS should not deny reopening of an *in absentia* deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation. *See Chowdhury v. INS*, 241 F.3d 848 (7th Cir.2001). There, the petitioner was ordered deported *in absentia* and his immediate relative visa petition was then approved while his appeal of the deportation order was pending. *Id.* at 849. The BIA denied reopening and thus, the petitioner stood to be deported without ever having the INS consider the merits of his application for adjustment of status which, like Singh's application in this case, stated he had married an American citizen. *Id.* at 853. The INS argued that because the petitioner had the option of returning to his native country of Bangladesh, presenting his approved visa petition to the consulate there and applying for a visa, the deportation order was not "unconscionable." *Id.* The court rejected the argument and held that the BIA regulations "should not be so strictly interpreted as to provide unreasonable, unfair, and absurd results." *Id.* We would approve just such an absurd result if we were to approve the BIA's order denying reopening and thereby requiring the deportation of an individual with a valid claim for relief from deportation. We conclude that the BIA abused its discretion by entering an order that was arbitrary and irrational.

We therefore GRANT the petition for review, and REMAND the case to the BIA for consideration of the merits of Singh's application for adjustment of status.