Harinder SINGH GREWAL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72386, A73–422–500.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 18, 2004.

Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before PAEZ, BERZON, and BEA, Circuit Judges.

### MEMORANDUM**

Harinder Singh Grewal petitions for review from an order by the Board of Immigration Appeals ("BIA") denying his second motion to reopen on the ground that it was barred by the limitation that only one motion to reopen can be filed, and it was filed after the 90 day deadline. 8 C.F.R. § 1003.2(c)(2). "The Board has discretion

---

** This disposition is not appropriate for publication and may not be cited to or by the

to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Grewal argues that his motion to reopen met the exception in 8 C.F.R. § 1003.2(c)(3)(ii) for "changed circumstances arising in the country of nationality" that could not have been discovered or presented at his removal hearing. Grewal contends that the affidavits he produced from fellow Indians stating that the Indian police were searching for him beyond his immediate family show changed circumstances in India warranting the reopening of his case, and thus the exception should apply. Because the parties are familiar with the facts and procedural history of this case, we do not recite them in detail here.

The BIA found that this exception did not apply. We agree. The evidence presented simply shows that the Indian government is still searching for Grewal. This was his claim at the immigration hearing, where he testified that the police had even followed him to the neighboring state of Delhi looking for him. Further, much of the evidence that was presented in the second motion to reopen should have been available at the time of the first, and the remainder was cumulative. The BIA did not abuse its discretion in finding that the exception in 8 C.F.R. § 1003.2(c)(3)(ii) was not pertinent here. Thus, the denial of Grewal's second motion to reopen was not "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (citation omitted); *see also* 8 C.F.R. § 1003.2(a).

**PETITION DENIED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.