**Atanasio Camacho VILLAFAN and Laura Sofia Saavedra de Camacho, Petitioners,**

**v.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–74596.

Agency Nos. A76–360–161, A76–366–357.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

Carlos Vellanoweth, Esq., Vellanoweth
& Gehart, LLP, Los Angeles, CA, for Peti-
tioners.

CAC–District Counsel, Esq., Office of
the District Counsel Department of Home-
land Security, Los Angeles, CA, Ronald E.
LeFevre, Chief Counsel, Office of the Dis-
trict Counsel Department of Homeland Se-
curity, San Francisco, CA, Arthur L. Ra-
bin, Esq., U.S. Department of Justice Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

Before B. FLETCHER, TROTT, and
SILVERMAN, Circuit Judges.

MEMORANDUM ***

Atanasio Camacho Villafan and his wife,
Laura Sofia Saavedra de Camacho, natives

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

**404**

and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motions to reconsider and to reopen based on changed circumstances. We deny the petition for review.

 We lack jurisdiction to consider Petitioners' contention that the BIA gave insufficient weight to evidence of their daughter's psychological health because it does not raise a colorable due process claim. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("[t]o be colorable ... the claim must have some possible validity").

 The BIA's decision to deny Petitioners' motion to reopen was not arbitrary, irrational or contrary to law. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002). In support of their motion to reopen, Petitioners submitted evidence of their U.S. citizen daughter's psychological health. The BIA acted within its broad discretion in concluding that the evidence was insufficient to establish eligibility for cancellation of removal. *See id.*

The BIA did not abuse its discretion in denying Petitioners' motion for reconsideration because they failed to identify an error of fact or law in the BIA's earlier dismissal of their appeal. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority").

Petitioners' remaining contentions are without merit

PETITION FOR REVIEW DISMISSED in part; DENIED in part.