**Sergiy Nikolayevich MOSKOVKIN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–72717.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matt Adams, Granger, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, WWS-District Counsel, Office of the District Counsel, Seattle, WA, Terri J. Scadron, Esq., Stacy S. Paddack, Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

## MEMORANDUM ***

Sergiy Nikolayevich Moskovkin, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his motion to reopen asylum proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004), and we grant the petition for review.

Moskovkin originally entered the United States with his two sons in 1998 and was granted asylum. He and his sons later applied for and were granted permanent resident status, but the government only sent accurate notification letters to the sons. When they went to pick up their green cards, Moskovkin was told he must wait for another letter. He later received a letter informing him that because he failed to pick up his green card, he must reapply for permanent residency.

Before reapplying for permanent residency, Moskovkin visited Ukraine without obtaining the travel permission required for asylees. On his return to the United States, he was placed in removal proceedings and re-applied for asylum. He diligently attended six asylum hearings before he missed a hearing and was ordered removed in absentia.

The particularized facts of this case establish exceptional circumstances that warrant reopening. *See id.* at 948–49. Although Moskovkin should have made better arrangements to receive notice of his hearing, it would be unconscionable to allow uncontested government error to lead to the removal of a former asylee before he has had a hearing on the merits of his second asylum application. *See id.* at 949; *Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir.2002). Accordingly, we conclude that the BIA abused its discretion in denying the motion to reopen, and remand for consideration of the merits of Moskovkin's asylum application.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW GRANT-ED; REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.