Ellada SEDRAKIAN, Petitioner—
Appellant,

v.

Alberto R. GONZALES, Attorney
General, Respondent—
Appellee.

No. 04–74330.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sassoun Nalbandian, Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioner–Appellant.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, Washington, DC, for Respondent–Appellee.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Ellada Sedrakian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings held in absentia when Sedrakian was ten years old. We review for abuse of discretion the denial of a motion to reopen. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002). We grant the petition for review.

The IJ abused her discretion by denying Sedrakian's motion to reopen based on changed circumstances because the facts as set forth in her asylum application, signed under penalty of perjury and submitted in support of her motion to reopen, were sufficient to establish prima facie eligibility for asylum. *See Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir.2004) (facts in support of motion to reopen must be accepted as true unless inherently unbelievable).

According to Sedrakian, she was kidnaped from her nursery school in Armenia after her parents were threatened on account of their Evangelical Christian faith. Since the time of the merits hearing held in absentia, her parents were arrested in Armenia and beaten as a result of their participation in a demonstration against the Armenian Apostolic Church. Additionally, a group of men assaulted Sedrakian's parents, asking why they were still involved in evangelical activities and threatening harm to Sedrakian if she ever returned to Armenia. When Sedrakian's parents reported the assault to police, the police declined to investigate because members of the Echmiadzin Central Church were still part of the Armenian government. Taking these incidents as true, Sedrakian's motion to reopen established a "reasonable likelihood" of future persecution on account of her religious beliefs. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003).

Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings and consider the merits of Sedrakian's asylum application. *See Malty*, 381 F.3d at 948.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.