Anil SHARMA, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 03–71193, 04–70997.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2005.*

Decided Nov. 18, 2005.

As Amended on Denial of Rehearing
Dec. 14, 2005.

Donald L. Ungar, Esq., Simmons, Ungar, Helbush, Steinberg & Bright, San Francisco, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Christopher C. Fuller, John D. Williams, Esq., Earle B. Wilson, Esq., Leslie McKay, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

MEMORANDUM **

Petitioner–Appellant Anil Sharma, a native and citizen of India, seeks review of a decision of the Board of Immigration Appeals (BIA), which affirmed the denial by the Immigration Judge (IJ) of Sharma's application for asylum and withholding of removal. IJ Webber found that Sharma's testimony was not credible and the BIA agreed, adopting the IJ's opinion as its own. In a related case, Sharma appeals the BIA's denial of his motion to reopen, in which he alleged ineffective assistance of counsel. Because the parties are familiar with the facts and procedural history, we recount these only to the extent necessary to understand our decision.

BIA decisions regarding whether an alien is eligible for asylum are affirmed if supported by substantial evidence. *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir.2005). "We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003). Congress has codified this deferential standard of review. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.").

Here, the evidence in the record does not compel the conclusion that the BIA erred in upholding IJ Webber's adverse credibility determination. Sharma dissects the IJ's opinion, arguing that each of the IJ's many reasons for making the adverse credibility determination were in error. But Sharma's arguments do not demonstrate that the IJ's conclusions were unreasonable. Congress has declared that we may reverse here only if any reasonable adjudicator would be compelled to decide that Sharma was credible. We reject Sharma's argument because the administrative record does not compel the conclusion that his testimony and the documentary evidence were credible.

We next address Sharma's appeal of the BIA's denial of his motion to reopen proceedings. We review decisions on motions to reopen for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), although we review de novo claims of due process violations. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). Sharma contends that his attorney and the Government failed to introduce into evidence an initial favorable credibility determination by the Immigration and Naturalization Service (INS) in its Referral Notice, which told Sharma his asylum application would be evaluated by an IJ. Sharma contends that if IJ Webber had known about the INS's favorable credibility determination, she might have found Sharma credible. Although the referral notice indicated that Sharma was a "refugee" who was "persecuted in the past on account of a protected characteristic in the refugee definition," the IJ, if she had re-

ceived this, would have been under no obligation to credit the INS's determination because the IJ is to review the evidence de novo. *See Singh v. Gonzales,* 403 F.3d 1081, 1086 n. 2 (9th Cir.2005) ("Singh's asylum interview could not have led to a denial of asylum, but rather resulted in the referral of his application to the IJ for a de novo hearing.") (citing 8 C.F.R. § 208.14(c)(1)). Also, Sharma's argument that the initial favorable credibility determination shifted the burden of proof to the government to prove that he was not credible is without merit. The burden of proof is on the alien, even if the alien has already shown a credible fear of persecution. 8 U.S.C. § 1229a(c)(4). For similar reasons due process did not require the Government to introduce the Referral Notice.

■ We also reject Sharma's claim that it was ineffective assistance of counsel for his attorney, Ashwani Bhakhri, to send an associate attorney, Michelle Bissada, to the immigration hearing in his stead. Sharma argues that Mr. Bhakhri might have been more effective. But there is no evidence that Ms. Bissada's performance was constitutionally defective.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.