Oscar MARTINEZ–PEREZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74055.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Pamela J. Derusha, U.S. Attorney's Office, Eastern District of Washington, Spokane, WA, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Oscar Martinez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its previous order denying his application for cancellation of removal and denying his motion to reopen proceedings based on new evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of both a motion to reopen and a motion to reconsider, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and we deny the petition for review.

The BIA did not abuse its discretion in denying Martinez–Perez's motion to reconsider because its interpretation of the exceptional and extremely unusual hardship standard found in 8 U.S.C. § 1229b(b)(1)(D) fell within the broad range of acceptable interpretations. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir.2003). As the motion to reconsider did not specify any other factual or legal error, the BIA acted within its

discretion in denying it. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying Martinez–Perez's motion to reopen because the BIA considered the additional evidence submitted and acted within its broad discretion in determining that the evidence was not material to establish eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1). *See also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is arbitrary, irrational, or contrary to law) (internal quotation marks and citations omitted).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

