**Senecio Villegas MANGUBAT; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74309.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Jesse G. Quinsaat, Esq., Quinsaat & Hooper, Solana Beach, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Senecio Villegas Mangubat and Marissa Cagampan Mangubat, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to re-open deportation proceedings to permit them to apply for adjustment of status. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for an abuse of discretion, *see Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), and we deny in part, and dismiss in part, the petition for review.

The BIA did not abuse its discretion when it denied as untimely the Mangubats' motion to reopen, filed 22 months after the BIA's final order of removal. *See id.* at 1039 (stating that this court will reverse a denial of a motion to reopen only if arbitrary, irrational, or contrary to law).

We lack jurisdiction to review the Mangubats' contention that the BIA should have sua sponte reopened their proceedings, because the decision of the agency whether to invoke its sua sponte authority is committed to its unfettered discretion. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

