**Valentina TAIROVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71374.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Nov. 27, 2006.

David Littlefield, Salt Lake City, UT, for Petitioner.

District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronnie L. Edelman, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Ahern, Esq., U.S. Department of Justice, Criminal Division, U.S. Department of Justice, Counterterrorism Section, Washington, DC, for Respondent.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioner Valentina Tairova, a 70–year–old ethnic Russian and citizen of Uzbekistan, was ordered deported *in absentia* when she did not attend an immigration hearing. An immigration judge ("IJ") denied Petitioner's motion to reopen, the Board of Immigration Appeals ("BIA") affirmed, and the BIA denied Petitioner's motion to reopen and reconsider. Petitioner timely appealed. We review for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

abuse of discretion. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

Although Petitioner did not comply with the correct change-of-venue procedures while proceeding pro se, she was diligent in seeking to understand and follow them. She relied on erroneous advice from the INS. In addition, her only daughter is a United States citizen, and Petitioner is the beneficiary of an approved visa petition. Petitioner demonstrated exceptional circumstances, and the BIA abused its discretion in denying Petitioner's motion to reopen. *See id.* at 1040 ("We agree with the Seventh Circuit that the INS should not deny reopening of an *in absentia* deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation.").

We GRANT the petition for review and REMAND the case to the BIA with instructions to reopen proceedings before an IJ.