**Abelino Diaz VARGAS; Angelica Maria Carbajal Dimas, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–72027, 05–73616.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Abelino Diaz Vargas and Angelica Maria Carbajal Dimas, natives and citizens of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Mexico, petition for review of two Board of Immigration Appeals' ("BIA") orders, one affirming an immigration judge's ("IJ") order denying cancellation of removal (No. 05–72027), and one denying their motion to reopen (No. 05–73616). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004), and the denial of a motion to reopen, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We review de novo due process claims, *id.*, and we deny the petition for review.

In case no. 05–72027, we reject Petitioners' contentions that the IJ violated their due process rights by issuing an oral decision without sua sponte continuing their hearing for additional testimony. The BIA considered the nature of the evidence to be presented, and properly determined that additional evidence of petitioners' son's medical condition would not have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (a due process violation occurs where proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (citation omitted)); *see also Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) ("The decision whether to grant a continuance at a removal hearing is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse") (internal quotation marks omitted).

In case no. 05–73616, the BIA did not abuse its discretion in holding that the evidence presented in the motion to reopen regarding petitioners' daughter's medical care was previously available. *See* 8 C.F.R. § 1003.2(c)(1); *see also Malty v.*

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*Ashcroft,* 381 F.3d 942, 946 (9th Cir.2004). Accordingly, we are unable to conclude that the BIA's denial of petitioners' motion to reopen was "arbitrary, irrational or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

**PETITIONS FOR REVIEW DENIED.**