**Alfonso MENDEZ–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72149.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Jan. 11, 2007.

Alfonso Mendez–Lopez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, M. Jocelyn Wright, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, COX *, and PAEZ, Circuit Judges.

## MEMORANDUM **

Alfonso Mendez–Lopez appeals from the decision of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's denial of a motion to re-open his case. That motion asked for a rescission of an *in absentia* deportation order.

When his deportation hearing began, in January of 1996, Mendez–Lopez was not in the courtroom. A half hour after the hearing was scheduled, the Immigration Judge entered an *in absentia* order for Mendez–Lopez's deportation under INA § 242B(c), 8 U.S.C. § 1252b(c). After the Immigration Judge entered the order, but before he left the bench, Mendez–Lopez arrived in the courtroom. The Immigration Judge then informed Mendez–Lopez that he could file a motion to reopen, but must do so within 180 days.

In March 2003, over seven years after the *in absentia* order, Mendez–Lopez filed a motion to reopen, arguing that exceptional circumstances excused his failure to appear at his deportation hearing and alleging that ineffective assistance of counsel excused the tardiness of his motion to reopen. The Immigration Judge denied the motion. Mendez–Lopez appealed to the BIA. The BIA dismissed the appeal, holding that Mendez–Lopez failed to state a claim of ineffective assistance of counsel and that his motion to reopen was untimely.

The denial of a motion to reopen deportation proceedings is reviewed for an abuse of discretion. The BIA abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985)).

An *in absentia* order of removal may be rescinded if the respondent files a motion to reopen with the court within 180 days after the date of the order of removal and demonstrates that his failure to appear

---

\* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

was caused by exceptional circumstances. INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(c)(i). Mendez–Lopez failed to file his motion within the statutorily-prescribed 180 days. He argues that the time limitation should be equitably tolled because he had incompetent representation and acted diligently upon discovering it. *See Castillo–Perez v. INS*, 212 F.3d 518, 526–27 (9th Cir.2000). Once incompetent representation is established, a statutory filing period may be equitably tolled, so long as the aggrieved party acted with due diligence upon discovery of the true facts. *See, e.g., Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir.2003). Although Mendez–Lopez's motion was filed almost seven years late, he contends that he exercised due diligence. A review of the record, however, belies his contention.

Mendez–Lopez was told at his deportation proceeding of the 180–day deadline to move to reopen. He left money with his attorney and asked the attorney to file a motion to reopen. He failed to contact his lawyer again for approximately a year. When he called, he discovered that his lawyer's phone had been disconnected. He presents various explanations for not filing the motion over the next six years, but he does not convince us that he acted with due diligence to excuse the seven-year delay.[1] We need not discuss whether Mendez–Lopez demonstrated that his failure to appear at his deportation hearing was caused by exceptional circumstances. Accordingly, we find no error in the BIA's conclusion that Mendez–Lopez failed to state a claim for equitable tolling. Thus, the BIA did not abuse its discretion in

affirming the denial of his motion to reopen.

PETITION DENIED.

---

1. One explanation offered by Mendez–Lopez is a claim of ineffective assistance of counsel by the second law firm assisting him. This claim was not raised before the BIA, and we decline to consider it now. We express no opinion on the merits of this claim.

