**Elex Belgica CRELENCIA; Roselle V. Crelencia; Richelle Exemiriam Viray Crelencia; Elexa Kiel Viray Crelencia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–70665, 05–73601.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 7, 2007.

Lizbeth A. Galdamez, Esq., Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioners.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Elex Belgica Crelencia, his wife Roselle V. Crelencia, and two daughters, natives and citizens of the Philippines, seek review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of an immigration judge denying Crelencia's application for asylum, withholding of removal and protection under the Convention Against Torture, and an order of the BIA denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions for review.

We review the agency's factual findings for substantial evidence. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). Crelencia testified that he received numerous anonymous threats associated with his work as a law enforcement official in the Philippines. Contrary to the petitioners' contentions, neither the testimony nor any other evidence in the record compels the conclusion that Crelencia was targeted on account of his political opinion, real or imputed, or his membership in a particular social group, *see id.* at 1028–30, or that his fear of future persecution is objectively reasonable, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (anonymous telephonic and written threats without harm were "too speculative" to compel finding that fear was objectively reasonable). Because Crelencia failed to establish eligibility for asylum, he necessarily failed to satisfy the stricter burden of proof for withholding of removal. *See id.* at 1054.

The agency denied CAT relief on the ground that Crelencia failed to present evidence that it is more likely than not that he would be tortured by Philippine officials or anyone acting with their acquiescence. The record does not compel a contrary finding. *See id.;* 8 C.F.R. § 1208.16(c)(2).

The BIA did not abuse its discretion by denying the petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.