**Carlos Javier ALMARAZ–RODRIGUEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 03–72617, 04–70552.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 1, 2008.*

Filed July 10, 2008.

Joseph S. Porta, Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Carlos Javier Almaraz–Rodriguez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order sustaining the Department of Homeland Security's appeal from an immigration judge's decision granting his application for cancellation of removal, and the BIA's order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

In No. 03–72617, Almaraz–Rodriguez contends that the BIA violated his due-process rights by applying a new definition of the hardship standard. Contrary to his contention, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Almaraz–Rodriguez failed to demonstrate that the absence of additional testimony may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

In No. 04–70552, the BIA did not abuse its discretion by denying Almaraz–Rodriguez's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.