**Hermilo VELASCO LOPEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76536.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Arthur L. Rabin, Esq., Stephen J. Flynn, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

MEMORANDUM **

Hermilo Velasco Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-open. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and de novo due process claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Velasco Lopez argues that his due process rights were violated because portions of his hearing and the immigration judges's decision were not translated to him. This contention fails because Velasco Lopez did not demonstrate how he was prejudiced by the lack of translation. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994); *see also El Rescate Legal Services, Inc. v. EOIR,* 959 F.2d 742, 752 (9th Cir.1992) (there is no requirement that the entire immigration court proceeding be translated). Therefore, the BIA did not abuse its discretion by denying Velasco Lopez's motion to reopen. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

