**Mario Rivera RAMIREZ; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73068.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Mario Rivera Ramirez, Lake Elsinore, CA, pro se.

Areli Consuelo Guerrero Navarrete, Lake Elsinore, CA, pro se.

CAC–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, OIL, Jeffery R. Leist, Trial, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Mario Rivera Ramirez and Areli Consuelo Guerrero Navarrette, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals denial of petitioners' motion to reopen seeking to challenge the underlying denial of their application for cancellation of removal based on their failure to establish the requisite extreme hardship to their qualifying relatives.

Petitioners contend that the BIA erred in finding that their United States citizen children will not suffer exceptional and extremely unusual hardship if petitioners are removed. Petitioners also contend that their equal protection rights were violated because they are treated differently than other applicants who qualify for relief under the Nicaraguan Adjustment and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Central American Relief Act ("NA-CARA").

In their motion to reopen, petitioners offered new evidence of hardship that their oldest United States citizen daughter was experiencing academic difficulties due to a recent diagnosis of dsylexia, and that they had a new United States citizen child. We conclude that the BIA considered the new evidence, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Petitioners' equal protection challenge based on NACARA is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.