**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE DE JESUS LAMAS FLORES; EMELIA GARCIA DE LAMAS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 05-70324 <br> 05-74221 <br><br> Agency Nos. A077-374-934 <br> A077-374-935 <br><br> MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Felipe De Jesus Lamas Flores and Emelia Garcia De Lamas, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") orders dismissing their appeal from an immigration judge's ("IJ") decision

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument.  _See_ Fed. R. App. P. 34(a)(2).

denying their applications for cancellation of removal, and denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional challenges, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review in No. 05-70324, and deny the petition for review in No. 05-74221.

We lack jurisdiction to review the BIA's determination that petitioners failed to establish the requisite hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 596 (9th Cir. 2006). Contrary to petitioners' contentions, the agency's interpretation of the hardship standard falls within the broad range of permissible interpretations of the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1005-06 (9th Cir. 2003). Petitioners failed to exhaust the contention that the IJ made erroneous factual findings. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Although petitioners allege that their motion to reopen was received by the BIA in a timely manner, we may not consider evidence not in the record below. *See* 8 U.S.C. § 1252(b)(4)(A). Accordingly, the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed one day late. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety

days of final order of removal).

**In No. 05-70324: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 05-74221: PETITION FOR REVIEW DENIED.**