**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MIRANDA VARELA, | No. 07-70979 |
| Petitioner, | |
| v. | Agency No. A078-534-635 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Jose Miranda Varela, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's (IJ") decision denying his application for asylum and

withholding of removal, and of the BIA's denial of his motion to reopen.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Varela's testimony that civil defense force members attacked him in 1994 was inconsistent with his statement in his asylum application that the attack occurred in 2001. In addition, his testimony was internally inconsistent regarding whether members of the civil defense force killed his grandfather and mother. These inconsistencies go to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007). In the absence of credible testimony, Varela failed to establish that he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA did not abuse its discretion by denying Varela's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW DENIED.**

07-70979