**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADORA NUDO GAMOLO; et al., | No. 08-70711 |
| Petitioners, | Agency Nos. A095-298-813 |
| | A095-298-814 |
| v. | A095-298-815 |
| | A095-298-816 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010**

Before:    O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Adora Nudo Gamolo, her husband, and their two children, natives and

citizens of the Philippines, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reconsider. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen or reconsider and review de novo claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Construed as a motion to reconsider, the BIA was within its discretion in denying petitioners' motion where the motion failed to identify any error of fact or law in the BIA's prior decision denying their motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Construed as a motion to reopen, the BIA did not abuse its discretion by denying the motion. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law"). The BIA properly concluded that petitioners failed to establish ineffective assistance of counsel, because their attorney's decision to have them forego voluntary departure constituted a tactical decision, *see Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986), and the alleged deficiencies that related to Gamolo's employer's visa petition occurred before petitioners were placed in proceedings, *see Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**