**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO GALDINO, | No. 11-71865 |
| Petitioner, | Agency No. A097-375-403 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Marco Antonio Galdino petitions for review of the Board of Immigration

Appeals ("BIA") order denying his second motion to reopen his removal

proceedings to permit him to reapply for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). The BIA did not abuse its

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion in denying the motion.  *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).

There is no dispute that Galdino's motion was time and number barred.  *See* 8 U.S.C. § 1229a(c)(7).  Therefore, Galdino had to establish an exception to the bar by demonstrating that there were changed country conditions in Brazil giving rise to his prima facie eligibility for aylum, withholding of removal and relief under CAT.  8 C.F.R. § 1003.2(c)(3)(ii).  Galdino failed to make this showing.  The evidence submitted with Galdino's second motion to reopen did not establish that circumstances materially worsened (since Galdino's merit hearing in 2006) in Brazil, generally or in a manner relevant to Galdino's claims.  *See Fakhry v. Mukasey*, 524 F.3d 1057, 1063 (9th Cir. 2008) ("Changed circumstances are those which materially affect the applicant's *eligibility for asylum*." (internal quotation marks omitted)); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).  The BIA also adequately addressed the evidence and issues before it.  *See Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009) (the BIA "need not expressly refute on the record every single piece of evidence").  Thus, the denial of Galdino's second motion to reopen was not "arbitrary, irrational, or contrary to law."  *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**