**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BABER HABIB, AKA Barber Habibullah, | No. 12-73755 |
| Petitioner, | Agency No. A095-736-306 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 11, 2015
Resubmitted June 10, 2016
Pasadena, California

Before: NOONAN, LUCERO[**] , and NGUYEN, Circuit Judges.

Petitioner Baber Habib, a native and citizen of Pakistan, appeals from the

Board of Immigration Appeals' (BIA) denial of his motion to reopen his removal

proceedings on the basis of changed circumstances in Pakistan. 8 C.F.R.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

§ 1003.23(b)(3). Reviewing the BIA's determination for abuse of discretion, we deny the petition. *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002).

In February 2010, Habib requested and was granted pre-conclusion voluntary departure. 8 C.F.R. § 1240.26(b). Three months later, he timely filed a motion to reopen his removal proceedings on the ground of new information regarding terrorist activity in his native city of Lahore. Habib claimed that sometime after February 2010, his family members told him that terrorists were attacking United States and Pakistani military targets with increasing frequency. Habib alleged fear of persecution on account of his long residence in the United States and the fact that he has relatives in the Pakistani military.

The bulk of the evidence that Habib submitted in support of his motion to reopen was available and could have been discovered at the time of his removal proceedings. Many of his exhibits referenced events that occurred in 2009. Overall, the evidence reflects a history of terrorist activity targeting Pakistani and American military and civilian targets that began before Habib's February 2010 hearing. The evidence submitted does not show that conditions in Lahore have deteriorated to an extent that "a petitioner who previously did not have legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Thus, the BIA did not abuse its discretion in denying Habib's motion to reopen. *See Singh*, 295 F.3d at 1039.

**PETITION DENIED.**