NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIETER EKA JAYASAPUTRA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   17-70643 Agency No. A098-456-296 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2019[**]
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Petitioner Pieter Eka Jayasaputra, a Chinese Christian native and citizen of

Indonesia, filed an affirmative application for asylum, withholding of removal, and

protection under the Convention Against Torture. After a merits hearing, the

Immigration Judge ("IJ") denied Jayasaputra's application. The Board of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") affirmed the IJ's decision. Nearly two years after the BIA's decision, Jayasaputra filed a motion to reopen his case, arguing that country conditions in Indonesia had materially changed such that Indonesian Christians faced an increased risk of violence from Islamist extremists. The BIA denied Jayasaputra's motion. We have jurisdiction under 8 U.S.C. § 1252, and we deny Jayasaputra's petition.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The BIA abuses its discretion when its denial is "arbitrary, irrational, or contrary to law." *Id.* (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

Motions to reopen are generally untimely if filed more than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i).[1] However, the 90-day deadline is excused where the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). To determine whether there exists a material change in circumstances warranting the reopening of an alien's case, the BIA compares "the

_____

[1] It is undisputed that Jayasaputra's motion to reopen was untimely.

2

country conditions at the time of the . . . motion [to reopen] [with] those at the time of the prior hearing." *Salim v. Lynch*, 831 F.3d 1133, 1138 (9th Cir. 2016).

Here, Jayasaputra submitted evidence that at most demonstrated that religious-based violence against Christians in Indonesia had persisted since his merits hearing, not that such violence had materially increased. This is insufficient to satisfy a petitioner's burden of proof on a motion to reopen based on changed country conditions. *See Agonafer*, 859 F.3d at 1204 ("The newly submitted evidence must be 'qualitatively different' from the evidence presented at the previous hearing. Evidence that simply recounts previous conditions presented at a previous hearing or that is voluminous but redundant is not sufficient to show a change in country conditions.") (citations omitted). Therefore, the BIA's decision to deny Jayasaputra's motion to reopen was not arbitrary, irrational, or contrary to law.

Contrary to what Jayasaputra argues, the BIA also did not err in failing to address whether Jayasaputra had a *prima facie* claim for relief.  Having concluded, as an independently dispositive matter, that Jayasaputra had failed to establish materially changed country conditions to excuse his untimely motion to reopen, the BIA was not required to reach the issue of whether Jayasaputra had a *prima facie* claim for relief. *Najmabadi v. Holder*, 597 F.3d 983, 991–92 (9th Cir. 2010) ("Because the Board denied [petitioner's] motion to reopen based on her failure to

3

introduce previously unavailable, material evidence, it did not need to reach the question of whether [petitioner] established a prima facie case for relief."). Accordingly, the BIA properly denied Jayasaputra's motion to reopen.

**DENIED.**