**Lyubov Yakov DAVILOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72206.**

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2007.*

Filed May 15, 2007.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., William C. Erb, Jr., Esq., Leslie McKay, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Lyubov Davilova ("Petitioner") petitions for review of a Board of Immigration Appeal's ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of a motion to reopen her asylum and withholding of removal claims. The facts and procedural history are familiar to the parties, and we do not repeat them here.

"This Court reviews the BIA's ruling on a motion to reopen for an abuse of discretion." *Rodriguez–Lariz v. I.N.S.*, 282 F.3d 1218, 1222 (9th Cir.2002). Under that standard, we may only reverse "the BIA's denial of a motion to reopen if it is 'arbitrary, irrational, or contrary to law.'" *Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir.2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir.1985)). Petitioner attempts to meet that standard by claiming that the IJ abused his discretion in denying her motion to reopen because she presented evidence "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered" that "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.23(b)(4)(i). The evidence Petitioner submitted to the IJ does not materially differ from the evidence she submitted with her original claim, and she has failed to explain how the country condition report she submitted to the IJ strengthened her claims.

Accordingly, we hold that the IJ did not abuse his discretion in denying Petitioner's motion to reopen and deny the petition for review.

Petition DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

