Jose Cruz **VELAZQUEZ–AISPURO;** et al., **Petitioners,**

v.

Michael B. **MUKASEY,**\* **Attorney General, Respondent.**

No. 06–73195.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.\*\*

Filed Dec. 28, 2007.

Carlos Vellanoweth, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Rosanne M. Perry, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*\*

Jose Cruz Velazquez–Aispuro, his wife Jesus Guadalupe Velazquez–Pelazuelos,

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and their son Ignacio seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to remand and upholding an immigration judge's ("IJ") order denying the parents' applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003); *see also Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 874 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). We deny the petition for review.

Petitioners' contention that the IJ misunderstood the standards governing cancellation of removal is not supported by the record. Moreover, the proceedings were not "so fundamentally unfair that [petitioners were] prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

The BIA did not abuse its discretion by denying petitioners' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to re-

open shall be reversed only if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.