Stephen Shaiken, Esq., Law Office of Stephen Shaiken, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., James A. Hurley, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Alberto Robles Maldonado and Maria Berenice Robles, citizens and natives of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying the petitioners' motion to reopen, where the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

To the extent the petitioners contend that the BIA failed to consider some or all of the evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

Petitioners' remaining contentions are not availing.

We lack jurisdiction to review the BIA's underlying order dismissing the petitioners' direct appeal from the IJ's decision because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Jorge Rojas GUTIERREZ; Oliva Gonzalez Gonzalez; Jorge Rojas Gonzalez, Petitioners,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–73784.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jorge Rojas Gutierrez, Oliva Gonzalez Gonzalez, and their son Jorge Rojas Gonzalez petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion by denying the petitioners' motion to reopen, where the BIA considered the evidence they submitted regarding their son and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The

BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law."). Petitioners' contention that the BIA failed to adequately explain its reasons for denying the motion to reopen is not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

