**Leobardo CANO; Fanny Cano, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–75419.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Noam Mendelson, Mendelson & Associates, Daly City, CA, for Petitioners.

John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, U.S. Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Civil Division/Office of Immigration Litigation, OIL, Claire Workman, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Leobardo Cano and Fanny Cano, brother and sister and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

We agree with the BIA's conclusion that former counsel's performance did not result in prejudice to petitioners, thus their ineffective assistance of counsel claim fails. *See id.* at 899–900, 901–03 (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice). Therefore, the BIA did not abuse its discretion in denying the motion to reopen proceedings. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed

only if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

