Moises TORTOLEDO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–74215.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Moises Tortoledo, Canoga Park, CA, pro se.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Andrew B. Insenga, Trial, OIL, Jonathan Aaron Robbins, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Moises Tortoledo, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals denying his motion for leave to file a late motion to reopen seeking to challenge the underlying denial of his application for cancellation of removal based on petitioner's failure to establish the requisite extreme hardship to his qualifying relatives. The BIA initially denied petitioner's motion to reopen because it was filed one day late. The BIA subsequently denied petitioner's request to file a late motion to reopen, and alternatively, held that the new evidence did not make a prima facie showing of the requisite level of hardship to warrant reopening.

Petitioner contends that his new evidence of hardship provided a prima facie case for his cancellation application. Petitioner offered new evidence of hardship that his United States citizen daughter was experiencing academic difficulties. We conclude that the BIA considered the new evidence, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See* *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Petitioner further contends that the BIA violated his due process rights by denying his request to file an untimely motion to reopen where the motion was only one day late and was caused by an error on the part of Federal Express. As the government acknowledges, the BIA erred in its analysis of the untimeliness of the motion. We do not address petitioner's due process claim because we uphold the BIA's alternate holding.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.