**Edgar Humberto CASTRO–SOTO, aka Luis Garcia, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70922.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nathan Menta Zaslow, Law Office of Nathan Zaslow, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Lisa Marie Arnold, Senior Litigation Counsel, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Edgar Humberto Castro–Soto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of his motion to reopen the underlying denial of his application for cancellation of removal which was based on petitioner's failure to establish the requisite hardship to his qualifying relatives.

Petitioner introduced new evidence of hardship by submitting evidence that his longterm permanent resident mother's health had deteriorated since the removal hearing. Although the BIA improperly characterized petitioner's statement, describing his mother's health, as "unsworn," the BIA's decision demonstrates that the BIA considered the contents of the statement in deciding the motion to reopen. We conclude that the BIA properly considered the new evidence offered by petitioner, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.