Delmi Nynet HERNANDEZ–
GONZALEZ, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 06–71854.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 7, 2009.

Todd J. Hilts, Esq., Law Offices of Todd J. Hilts, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., PHB, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Delmi Nynet Hernandez–Gonzalez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's decision denying her motion to reopen her removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002), we deny the petition for review.

The agency did not abuse its discretion in denying Hernandez–Gonzalez's motion to reopen because she failed to show that her reliance on statements made by her attorney's assistant amounted to exceptional circumstances under 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as "circumstances beyond the control of the alien"); *see also Singh,* 295 F.3d at 1040 ("This court must look to the 'particularized facts presented in each case' in determining whether the petitioner has established exceptional circumstances.").

Hernandez–Gonzalez's contention that the BIA abused its discretion by streamlining her case is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.