**FILED**

**NOT FOR PUBLICATION**

DEC 30 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RAMON GARCIA CRUZ, | No. 07-72222 |
| Petitioner, | Agency No. A096-151-058 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:      GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ramon Garcia Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his second motion to

reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TL/Research

discretion the denial of a motion to reopen. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Garcia Cruz's challenge to the BIA's January 5, 2005, decision because he failed to file a timely petition for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

The BIA did not abuse its discretion in denying Garcia Cruz's second motion to reopen as untimely because the motion was filed over two years after the final administrative order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Garcia Gruz did not show he was entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

We decline Garcia Cruz's request to remand his case to the BIA for clarification of its order because the BIA's decision is not ambiguous.

Lastly, we lack jurisdiction to review Garcia Cruz's contention that the BIA should have invoked its sua sponte authority to reopen his proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**