

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS RODRIGUEZ ZENTENO; JUANA MARGARITA RODRIGUEZ; MARIANO RODRIGUEZ MORENO, Petitioners, v. ERIC H. HOLDER Jr., Attorney General, Respondent. | No. 07-75059 Agency Nos. A096-051-299 A096-051-300 A096-051-301 MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010**

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jesus Rodriguez Zenteno, Juana Margarita Rodriguez, and Mariano

Rodriguez Moreno, natives and citizens of Mexico, petition for review of the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NHY/Research

Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and for abuse of discretion the denial of a motion to remand, *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 874 (9th Cir. 2003) (en banc). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to remand due to ineffective assistance of counsel because they failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the ineffective assistance they allege is not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-99 (9th Cir. 2004). It follows that Petitioners' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

The BIA did not abuse its discretion in denying Petitioners' motion to remand to introduce evidence because the BIA considered the evidence they submitted and acted within its broad discretion in determining that it was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.

2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**