

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARPREET SINGH THIND, | No. 05-76886 |
| Petitioner, | Agency No. A078-638-211 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| HARPREET SINGH THIND, | No. 06-72711 |
| Petitioner, | Agency No. A078-638-211 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 16, 2010[]
San Francisco, California

Before: ARCHER, CALLAHAN and BEA, Circuit Judges[***]

Harpreet Singh Thind ("Thind"), petitions for review of the Board of Immigration Appeal's ("BIA") decision affirming the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). Thind contends that the BIA and IJ erred in finding that he failed to present a credible claim. Thind also seeks review of the BIA's subsequent order denying his motion to reconsider, reopen and remand, arguing that the BIA abused it discretion when it dismissed his motion based on issues he raised in regard to the translation of his hearing.[1] We deny the petition and motion to reopen because none of Thind's contentions are persuasive.

First, substantial evidence supports the IJ's credibility determinations. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (an adverse credibility determination will be upheld where the inconsistencies go to the heart of the asylum claim).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

[1] Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

Thind contends that each of the IJ's inconsistency findings were either in error or were minor inconsistencies that did not go to the heart of his claim. However, substantial evidence supports the IJ's conclusion that Thind's testimony was inconsistent or incredible. In particular, the IJ's finding that Thind was unable to demonstrate a rudimentary knowledge of the Akali Dal Mann's political activities was an adverse credibility finding that went to the heart of his claim because Thind's claims are based on his religious and political activities and opinion related to his participation in the Akali Dal Mann. *Id.* Numerous other discrepancies – *e.g.*, the dates Thind attended schools and the five-day difference between his testimony and his father's affidavit – even if minor when considered on their own, cumulatively support the IJ's decision. *Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). In sum, these inconsistencies undermine the basis for Thind's asylum claims and support the IJ's credibility determination. *Li*, 378 F.3d at 962.

Second, Thind contends that the IJ violated his right to due process by admitting insufficiently authenticated documents – specifically, his father's affidavit – for the purpose of impeachment. Due process violation allegations are reviewed de novo. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003). To prevail, Thind must show "prejudice – that his rights were violated in a

3

manner so as potentially to affect the outcome of the proceedings."

*Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (quotation and citation omitted). Thind, however, offers no cogent argument for why it was improper for the IJ to use a document that Thind himself had submitted. Also, despite Thind's contention, the record does not reflect that the IJ rejected his testimony in favor of his father's. Rather the record shows that the IJ merely noted a discrepancy between the dates given in Thind's testimony and the date listed in Thind's father's affidavit. Thind has therefore failed to show the requisite prejudice necessary to succeed on his claim. *Id.*

Thind's final contention is that the IJ's oral rendering of her decision was not "simultaneously translated" for him and that this error justifies reopening his case. The BIA's decision to grant or deny a motion to reopen or reconsider is discretionary. 8 C.F.R. § 1003.2(a). The court reviews the BIA's denial of motions to reopen for abuse of discretion. *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir. 2001) (en banc).

The BIA did not abuse its discretion in denying Thind's motion as Thind did not raise the "simultaneous translation" issue either before the IJ or on appeal to the BIA and offers no excuse for not doing so. *Id.* However, even if we were to consider the merits of Thind's contention, he offers no cogent argument for why

4

simultaneous translation was required or even what the basis of his complaint is. The record reflects that when the IJ issued her oral decision, a Punjabi-speaking interpreter was present. Nothing in Thind's briefing to this court or in the record of the proceedings suggests that Thind misunderstood or challenged the translation provided by the interpreter as the IJ rendered her decision, or that Thind thereafter discovered any errors in the translation. Thind has therefore failed to show how BIA's denial of his motion to reopen was "arbitrary, irrational or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

Accordingly, the petition for review is hereby **DENIED**.