**Horacio Alcaraz SANCHEZ; Imelda Alcaraz, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73744.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 7, 2010.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aura Marina Pineda Kamariotis, Esquire, Law Office of Marina Pineda–Kamariotis, San Francisco, CA, for Petitioners.

James Eugene Grimes, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Horacio Alcaraz Sanchez and Imelda Alcaraz, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and grant in part the petition for review, and remand for further proceedings.

■ The BIA did not abuse its discretion by denying the motion to reopen with regard to Alcaraz's diagnosis of hyperthyroidism where the evidence submitted was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

■ The BIA did abuse its discretion by denying the motion with regard to petitioners' son's learning disability. The BIA determined that petitioners failed to present new evidence of their son's learning disability. However, the record shows that at the time of their hearing in May 2005, their son's Individualized Education Program dated June 9, 2004, did not indicate a learning disability. *See* 8 C.F.R. § 1003.2(a), (c). Petitioners' new Individualized Education Program dated May 19, 2006, submitted with the motion, does indicate a learning disability.

We remand to the BIA for reconsideration of petitioners' motion to reopen consistent with this disposition.

ed by 9th Cir. R. 36–3.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.