UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELEUTERIO REYES VASQUEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71733

Agency No. A096-061-860

ORDER

Before:      B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

The memorandum disposition filed on July 30, 2010, is withdrawn.  An amended memorandum disposition is being filed concurrently with this order.

Reyes Vasquez's petition for panel rehearing is denied.

FILED

NOT FOR PUBLICATION

DEC 28 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEUTERIO REYES VASQUEZ, | No. 08-71733 |
| Petitioner, | Agency No. A096-061-860 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Eleuterio Reyes Vasquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The BIA did not abuse its discretion by denying Reyes Vasquez's motion to reopen, where the BIA considered the new evidence of his United States citizen daughter's mental health condition and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.")

To the extent Reyes Vasquez contends that the BIA failed to consider some or all of the evidence he submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006).

We cannot consider the new information set forth in Reyes Vasquez's brief regarding 1) the fact that his children now live with him rather than with their mothers, 2) his disability, or 3) Dayana's diagnosis, because that information was not before the BIA when it denied Reyes Vasquez's motion to reopen. *See* 8 U.S.C. § 1252(b)(4)(A). Our decision, however, does not preclude Reyes

Vasquez from presenting that new information to the BIA, and requesting it to reopen proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a).

**PETITION FOR REVIEW DENIED.**