**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CANDELARIA TORRES-ALARCON, | No. 07-73699 |
| Petitioner, | Agency No.   A075-309-174 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2011
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District
Judge.[**]

Maria Candelaria Torres-Alarcon ("Torres"), a native and citizen of Mexico

who has lived continuously in the United States since July 1979, petitions for

review of an August 17, 2007 decision by the Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

("BIA") denying her second motion to reopen proceedings as untimely. Torres contends that the BIA abused its discretion by denying her plea for equitable tolling of the statutory time period and by declining to exercise its sua sponte authority to reopen proceedings. We deny the petition in part and dismiss in part.

We review the denial of a motion to reopen for abuse of discretion. Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010). "The decision of the BIA should be left undisturbed unless it is 'arbitrary, irrational, or contrary to law.'" He v. Gonzales, 501 F.3d 1128, 1131 (9th Cir. 2007) (quoting Singh v. INS, 295 F.3d 1037, 1039 (9th Cir. 2002)). This Court reviews questions of law de novo. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir. 2005).

In removal proceedings initiated in 1998, Torres conceded removability but applied for cancellation of removal. On October 18, 1999, the immigration judge ("IJ") denied Torres' cancellation application, granting her sixty days to voluntarily depart from the United States or face removal. On October 16, 2002, the BIA issued a "streamlined" affirmance of the IJ's decision, but included a "further order" reducing her period of voluntary departure from sixty to thirty days. This Court denied in part and dismissed in part for lack of jurisdiction Torres' petition for review. Torres-Alarcon v. Ashcroft, No. 02-73871 (9th Cir. Dec. 10, 2003).

Additionally, this Court upheld a March 31, 2004 decision of the BIA denying Torres' first motion to reopen as untimely, and rejecting her plea for equitable tolling based on the argument that this Court's decision in Reyes-Melendez v. INS, 342 F.3d 1001 (9th Cir. 2003), represented a fundamental change in the law. Torres-Alarcon v. Ashcroft, No. 04-72159 (9th Cir. Nov. 23, 2004).

On April 19, 2007, Torres filed her second motion to reopen, arguing that the BIA had erred in its October 16, 2002 decision by impermissibly reducing her period of voluntary departure from sixty to thirty days. In any event, Torres ignored completely the scheduled voluntary departure.

Torres filed her second motion to reopen almost five years after the BIA's October 16, 2002 decision, well beyond the ninety-day period for reopening proceedings. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). Torres' motion to reopen also exceeds the numerical limitation on filing such motions. 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings . . . ."); 8 C.F.R. § 1003.2(c)(2). Thus, the BIA did not abuse its discretion when it denied Torres' second motion to reopen as untimely.

Torres contends, however, that the BIA's decision in Matter of A–M–, 23 I. & N. Dec. 737 (BIA 2005), and this Court's decision in Padilla-Padilla v.

3

Gonzales, 463 F.3d 972 (9th Cir. 2006), represent a fundamental change in the law, entitling her to equitable tolling and presenting an "exceptional situation" warranting an exercise of the Board's sua sponte authority to reopen. See In re G-D-, 22 I. & N. Dec. 1132, 1134-35 (BIA 1999); In re J-J-, 21 I. & N. Dec. 976, 984 (BIA 1997). These cases, however, do not constitute a fundamental change in the law, since 8 C.F.R. § 1003.1(e)(4), in effect at the time of the BIA's decision, already prohibited members of the BIA from issuing streamlined decisions with further orders.

Additionally, we do not have jurisdiction to review Torres' claim that the BIA abused its discretion by declining to exercise its authority to reopen proceedings sua sponte. See Ekimian v. INS, 303 F.3d 1153, 1157-59 (9th Cir. 2002). In Ekimian, this Court held that the BIA's practice of exercising its sua sponte authority in "exceptional situations," does not provide "a meaningful judicial standard" to judge whether the BIA abused its discretion by declining to exercise its authority to reopen sua sponte. Id. at 1158.

Accordingly, to the extent Torres seeks review of the BIA's decision to deny her second motion to reopen as untimely, the petition is DENIED. To the extent Torres asks this Court to review the BIA's denial of her request to exercise its

4

authority to reopen her case <u>sua sponte</u> and reinstate her original period of voluntary departure, the petition is DISMISSED.