**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSTANTINO HERNANDEZ-
HERNANDEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71837

Agency No. A077-175-911

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Constantino Hernandez-Hernandez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Hernandez-Hernandez's motion to reopen to submit evidence of his indigenous heritage because he failed to demonstrate that the evidence was previously unavailable, given that Hernandez-Hernandez was aware that he was indigenous at the time of his hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) ("If [the new evidence] was available or capable of being discovered at [the time of the movant's hearing], it cannot provide a basis for reopening.").

The BIA also did not abuse its discretion in denying Hernandez-Hernandez's motion to reopen on the ground that the hardship evidence he submitted was insufficient to establish prima facie eligibility for cancellation of removal. *See Garcia*, 621 F.3d at 912 (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW DENIED.**

10-71837