**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANG FANG JIANG, | No. 08-74240 |
| Petitioner, | Agency No. A071-646-099 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2013[**]
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Jinfang Jiang petitions for review from the denial of her motion to reopen her removal proceedings. We deny the petition for review. Because the parties are familiar with the facts and history of the case, we need not recount it here. We review the denial of a motion to reopen for abuse of discretion, so "[t]he decision

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   Respondent's unopposed motion to submit this case on the briefs was granted. *See* Fed. R. App. P. 34(a)(2). *See* Fed. R. App. P. 34(a)(2).

of the BIA should be left undisturbed unless it is 'arbitrary, irrational, or contrary to law.'" *Chang Hua He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

The BIA did not abuse its discretion in concluding that Jiang failed to "establish prima facie eligibility for the relief sought." *Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (internal quotation marks omitted); *see Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003). "[T]he starting point for determining whether there is objective evidence supporting this fear [of returning to China] is proof of the details of the family planning policy relevant to each individual case." *In re J-H-S-*, 24 I. & N. Dec. 196, 198 (BIA 2007). "If an applicant has established the details of the specific 'policy' applicable in his or her case, a related inquiry arises as to whether the facts in the record establish that the alien violated the policy." *Id.* at 199. "Assuming that this burden [of showing a policy and violation] has been met, the alien must also establish that the violation of the family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution." *Id.*

In this case, the BIA did not abuse its discretion in concluding that Jiang had not shown that she violated the family planning policy when she gave birth to two children in the United States or that she would suffer persecution in China as a

2

result.  Given the evidence in the record, the BIA's conclusion that "there is insufficient indication that such economic sanctions (if levied) would constitute persecution in this case" was not "arbitrary, irrational, or contrary to law." *Chang Hua He*, 501 F.3d at 1131 (internal quotation marks omitted).

We also reject Jiang's arguments that the BIA failed to adequately consider, weigh, or address her evidence. *See Feng Gui Lin*, 588 F.3d at 987 (explaining that the BIA "need not expressly refute on the record every single piece of evidence"); *accord Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION DENIED.**