NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOURABH KHANNA, | No. 15-70777 |
| Petitioner, | 15-72428 |
| v. | Agency No. A089-982-107 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2019**
Pasadena, California

Before: KLEINFELD, NGUYEN, and R. NELSON, Circuit Judges.

Sourabh Khanna, a citizen of India, petitions for review of the Board of

Immigration Appeals' (BIA) orders affirming the Immigration Judge's (IJ) denial

of Khanna's application for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT), and denying his motion to reopen. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

Substantial evidence supports the IJ's and BIA's adverse credibility determination. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) ("We review the IJ and BIA's adverse credibility finding for substantial evidence."). The IJ concluded that Khanna was not credible because he fraudulently entered and was removed from Canada, failed to report this information in his US asylum application, and made various inconsistent statements in his testimony, typed declaration, and hand-written statement. Because Khanna's asylum and withholding of removal claims rested largely on his credibility, the IJ and BIA did not err in denying his application. *See Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000) (holding petitioner bears the burden of proof).

As to the denial of Khanna's CAT claim, in light of the adverse credibility finding, substantial evidence supports the IJ's and BIA's conclusion that the remaining objective evidence in the record fails to show that Khanna will likely be tortured in India "by or at the instigation of or with the consent or acquiescence of a public official" because he is a Christian. *See* 8 C.F.R. § 1208.18(a)(1); *see also Owino v. Holder*, 771 F.3d 527, 531 (9th Cir. 2014) ("Denial of CAT relief is reviewed for substantial evidence[.]").

The BIA did not abuse its discretion in denying Khanna's motion to reopen. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The BIA considered

2

Khanna's "new documents submitted with [his] motion" and concluded that they "do not show that [he] is more likely to be able to establish a well-founded fear or clear probability of harm in India on account of his Christian religion[;]" "that a different outcome is warranted in his proceedings[;]" "or that he is prima facie eligible for asylum or withholding of removal." The evidence about the "Ghar Wapasi" campaign was not new evidence; the articles concerning incidents at Catholic Churches did not sufficiently detail the motives behind all of the attacks; the February 2015 arrests of religious protesters was due to the lack of a permit; and the letter from Khanna's brother, which was not sworn or notarized, lacked sufficient detail. The BIA's denial of the motion to reopen was not "arbitrary, irrational, or contrary to law." *Id.* (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

**PETITIONS DENIED.**