NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REBECCA MAKAWA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-71680

Agency No. A075-614-982

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020[**]
Pasadena, California

Before:  CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Petitioner Rebecca Makawa seeks review of the Board of Immigration Appeals' decision denying her motion to reopen.  Makawa argues that new and material evidence of changed country conditions warrants reopening, that she has established a prima facie case for asylum, withholding of removal, and protection

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture, and that equitable tolling applies.[1] The parties are familiar with the facts, so we do not repeat them here. This Court has jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The BIA did not abuse its discretion in denying Makawa's motion to reopen. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (denials of motions to reopen are generally reviewed for abuse of discretion). Makawa argues that a change in Zimbabwe's treatment of homosexuals justifies reopening, but she fails to show how conditions in Zimbabwe have materially changed since the time of her IJ hearing in 1999. 8 C.F.R. § 1003.23(b)(4)(i); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is … whether circumstances have changed sufficiently that a petitioner *who previously did not have a legitimate claim for asylum* now has a well-founded fear of future persecution.") (emphasis added).

Evidence submitted with Makawa's motion shows that prior to her 1999 IJ hearing, homosexuals in Zimbabwe experienced similar treatment to what Makawa claims they now face. One 1998 news report documents how then-President Robert Mugabe referred to homosexuals as "lower than dogs and pigs." Makawa also

---

[1] Because Makawa fails to show changed country conditions, her argument that the BIA erred in denying her motion because she established a prima facie case for asylum, withholding of removal, and CAT protection also fails. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("The BIA can deny a motion to reopen on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'") (quoting *INS v. Doherty,* 502 U.S. 314, 323 (1992)).

attached a statement to her motion made under penalty of perjury describing that she was afraid to return to Zimbabwe because *in 1997* Mugabe's "Vice President … was outed as being gay and was arrested for sodomy." And another article published in 1998 submitted with her initial asylum application states that, unless extortion payments were made, neighbors and strangers would report homosexuals to the police since sodomy was illegal.

Makawa's evidence suggests such rhetoric and treatment has continued, at least through 2016. Although Zimbabwe further criminalized homosexual activity in 2006, according to the 2016 State Department country report, "there were no known cases of prosecutions of consensual same-sex sexual activity." *See Konou v. Holder*, 750 F.3d 1120, 1123, 1125 (9th Cir. 2014) (upholding BIA's no likelihood of torture determination despite a law criminalizing homosexuality because it was "not enforced"); *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) ("U.S. Department of State country reports are 'the most appropriate and perhaps the best resource for information on political situations in foreign nations.'") (quoting *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995)). And while Makawa presents evidence that the police have detained persons suspected of being homosexuals since 1999, there is similar evidence dating back to the period before her 1999 hearing. "Evidence that simply recounts previous conditions presented at a previous hearing … is not sufficient to show a change in country conditions." *Agonafer v. Sessions*,

859 F.3d 1198, 1204 (9th Cir. 2017). Makawa has not shown that country conditions have materially changed since the original denial of her application.

The Board also reasonably determined that Makawa did not demonstrate the requisite level of diligence to warrant equitable tolling. *See Smith v. Davis*, 953 F.3d 582, 595, 599–600 (9th Cir. 2020) (en banc); *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (recognizing equitable tolling where "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."). Makawa provides no evidence that deception, fraud, or error prevented her from filing—in fact, she offers no explanation for the eleven-year delay in moving to reopen other than her repackaged changed country conditions argument.

The Board therefore reasonably denied her motion. *Najmabadi*, 597 F.3d at 986 (the court defers to the Board's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law) (citing *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

**PETITION DENIED.**