NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIANY ADLIM, | No. 20-70321 |
| Petitioner, | Agency No. A089-884-196 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and GLEASON,[***] District Judge.

Liany Adlim, a citizen of Indonesia, petitions for review of a Board of

Immigration Appeals (BIA) decision denying her untimely motion to reopen her

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

immigration proceedings. We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    The BIA did not abuse its discretion in denying Adlim's untimely motion to reopen. An untimely motion to reopen may be allowed if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, even if a movant demonstrates changed country conditions, her removal proceedings will not be reopened unless she also demonstrates prima facie eligibility for some form of relief in light of those changed conditions. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010). Here, the BIA found that even assuming that conditions for ethnically Chinese Christians in Indonesia had worsened, Adlim failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture (CAT).

To establish prima facie eligibility for asylum, Adlim needed to demonstrate a well-founded fear of persecution on account of a protected ground, 8 C.F.R. § 208.13(b), and for withholding of removal, she needed to demonstrate that such

persecution was more likely than not to occur, 8 C.F.R. § 208.16(b)(2). The BIA found that Adlim failed to establish the requisite likelihood of persecution for asylum or withholding of removal, even under a disfavored group analysis, because the Immigration Judge (IJ) discredited Adlim's testimony regarding past persecution during her initial removal proceedings and Adlim did not "report[] any individualized threat of harm upon her repatriation." *See* 8 C.F.R. §§ 208.13(b)(2)(iii), 208.16(b)(2) (providing that applicants for asylum or withholding generally must demonstrate that they will be "singled out individually" for persecution). Adlim claimed that she faces an individualized threat of harm if she returns to Indonesia because her nephew was attacked during allegedly anti-Chinese election riots and her uncle's store was robbed during an anti-Christian riot. However, the BIA permissibly found that these incidents were "circumstance-specific in nature and had no relation to [Adlim]." *Cf. Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (noting that "acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself," but only if such violence "create[s] a pattern of persecution *closely tied* to the petitioner" (emphasis added)). Given Adlim's lack of evidence of an individualized threat of persecution, the BIA did not abuse its discretion in concluding that she failed to establish prima facie eligibility for asylum or withholding of removal.

3

To establish prima facie eligibility for CAT relief, Adlim needed to demonstrate that it was more likely than not that she would be tortured by or at the acquiescence of a public official if repatriated. 8 C.F.R. §§ 208.16(c)(1)–(2), 208.18(a)(1). The BIA found that Adlim failed to make this showing. Adlim did not offer credible evidence that she was tortured in the past, that torture occurs frequently in Indonesia, or that she will likely be tortured if repatriated. Thus, the BIA did not abuse its discretion in finding that Adlim failed to establish prima facie eligibility for CAT relief.

2. Adlim also argues that the BIA abused its discretion by relying on the IJ's adverse credibility determination made during Adlim's initial removal proceedings to conclude that she is not ethnically Chinese or Christian and that country conditions for Chinese Christians are thus immaterial to her. We decline to reach this issue as the BIA provided sufficient alternate grounds for its decision that assumed Adlim is ethnically Chinese and Christian.

**PETITION DENIED.**